Guy B. Wallace (SBN 176151)
gwallace@schneiderwallace.com
Mark T. Johnson (SBN 076904)
mjohnson@schneiderwallace.com
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105

Linda M. Dardarian (SBN 131001)
ldardarian@dhhl.law
Andrew P. Lee (SBN 245903)
alee@dhkl.law
DARDARIAN HO KAN & LEE
155 Grand Avenue, Suite 900
Oakland, CA 94612-3536
Telephone: (510) 763-9800
Facsimile: (510) 835-1417

Catherine Cabalo (SBN 248198)
ccabalo@peifferwolf.com
PEIFFER WOLF CARR KANE
CONWAY & WISE, LLP
4 Embarcadero Center, 14th Floor
San Francisco, CA 94104
Telephone: (415) 766-3592
Facsimile: (415) 840-9435

Shawna Parks (SBN 208301)
sparks@dralegal.org
DISABILITY RIGHTS
ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704
Telephone: (510) 665-8644
Facsimile: (510) 665-8511

Attorneys for the Plaintiffs and the Proposed Class

UNITED DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL CURRAN, NICOLE BROWN-BOOKER, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br>vs.<br><br>CITY OF OAKLAND,<br><br>        Defendant. | **CLASS ACTION**<br><br>Case No.: 23-cv-02354-RS<br><br>**[PROPOSED] ORDER (1) GRANTING PRELIMINARY APPROVAL OF SETTLEMENT; (2) GRANTING CERTIFICATION OF SETTLEMENT CLASS; (3) DIRECTING NOTICE TO THE CLASS; AND (4) SETTING DATE FOR FAIRNESS HEARING**<br><br>Date:    September 4, 2025<br>Time:    1:30 p.m.<br>Dept:    Courtroom 3<br>Before:  Hon. Richard Seeborg<br><br>Trial Date:    None set |

# ORDER

Plaintiffs Michael Curran and Nicole Brown-Booker ("Plaintiffs") have applied to the Court for an order preliminarily approving the settlement of this action in accord with the Proposed Consent Decree ("Decree"), which sets forth the terms and conditions of a proposed settlement and dismissal of the action with prejudice, with the Court retaining jurisdiction to enforce the Decree throughout its term. Defendant City of Oakland ("the City") filed a statement of non-opposition to this motion. Having read the papers submitted and carefully considered the arguments and relevant legal authority, and good cause appearing, the Court GRANTS Plaintiffs' Motion for Preliminary Approval of Class Action Settlement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. This Court grants Plaintiffs' Motion for Class Certification, certifying a class for declaratory and injunctive relief. The Court finds, for purposes of settlement only, and conditioned upon the entry of this Order and the Final Judgment and Order Approving Settlement, that the requirements of Rule 23 of the Federal Rules of Civil Procedure are met by the Settlement Class: (a) joinder of all Settlement Class Members in a single proceeding would be impracticable, if not impossible, because of their numbers and dispersion; (b) there are questions of law and fact common to the Settlement Class; (c) Plaintiffs' claims are typical of the claims of the Settlement Class that they seek to represent for purposes of settlement; (d) Plaintiffs have fairly and adequately represented the interests of the Settlement Class and will continue to do so; (e) Plaintiffs and the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting class actions, including those involving the allegations made in the Complaint; and (f) the City acted or refused to act on grounds that apply generally to the Settlement Class, so that final declaratory and injunctive relief is appropriate to the Settlement Class. Accordingly, the Court hereby certifies the following Settlement Class pursuant to Federal Rule of Civil Procedure 23(a) and (b)(2):

> All persons (including residents of and/or visitors to the City of Oakland) with any Mobility Disability, who, at any time prior to court judgment granting final approval to this Consent Decree or during the Term of the Consent Decree have been denied full and equal access to the City's pedestrian right of way due to the lack of a Curb Ramp or a Curb Ramp or Pedestrian Walkway that was damaged, in need of repair, not Accessible, or otherwise in a condition not suitable or sufficient for use.

1  Pursuant to Federal Rule Civil Procedure 23(c)(1)(B), the Court appoints named Plaintiffs and their
2  counsel as representatives of the Settlement Class.
3      2.   The proposed Consent Decree falls within the range of preliminary approval.  The
4  proposed Consent Decree requires the City to install accessible curb ramps or remediate curb ramps
5  that are non-compliant with federal and state disability access standards at 12,738 curb ramp locations
6  by the end of the fiscal year 2050 and remediate sidewalks at approximately 78,531 locations
7  (affecting approximately 2,075,000 square feet of sidewalks) that the City identified in 2021-22 as
8  being damaged.  In order to ensure steady progress, the Decree requires the City to comply with
9  Annual Curb Ramp and Sidewalk Commitments that specify the minimum number of accessible curb
10 ramps and square feet of accessible sidewalks that the City must install or remediate each fiscal year.
11 In the event the City is unable to meet its Annual Commitment in any fiscal year, the Decree requires
12 the City to make up the shortfall within the two subsequent fiscal years or have preempted the shortfall
13 in previous years.  The City makes other commitments in the Consent Decree that are proper and
14 reasonably calculated, based on the available information, to ensure and maintain accessibility of the
15 City's pedestrian right of way to persons with mobility disabilities.  Those other commitments include,
16 among other things, ensuring that new construction and alterations in the pedestrian right of way that
17 affect curb ramps and sidewalks are compliant with applicable federal and state disability access
18 standards; maintaining all accessible pedestrian facilities so that they are readily accessible to and
19 useable by persons with mobility disabilities, except for isolated or temporary interruptions in access
20 due to maintenance or repairs; prioritizing removal of High Priority Curb Ramp and Sidewalk Barriers;
21 and maintaining an Access Request System through which the City will receive, investigate and
22 respond to requests for the installation and maintenance of accessible curb ramps and remediation of
23 non-compliant curb ramps and pedestrian walkways within reasonable deadlines.  The Decree also
24 requires the City to comply with annual reporting and monitoring requirements.  In exchange,
25 Plaintiffs and the members of the Settlement Class agree to release all injunctive, declaratory, and non-
26 monetary claims related to the City's alleged actions or omissions related to the accessibility of curb
27 ramps and pedestrian walkways in the City's pedestrian right of way during the Consent Decree's
28 term.  Settlement Class Members do not release claims for monetary damages, personal injuries, or

property damages. Plaintiffs Curran and Brown-Booker release all of their monetary claims related to their personal encounters with Non-Compliant Curb Ramps and sidewalks in exchange for a damages payment of $35,000 each.

3. The Court hereby preliminarily approves the Decree. The Court finds on a preliminary basis that the Decree is fair, adequate and reasonable to all potential Settlement Class Members. It further appears that extensive evaluation of the merits has been conducted such that Counsel for the Parties are able to reasonably evaluate their respective positions. It also appears to the Court that settlement at this time will avoid substantial additional costs to all Parties, as well as avoid the delay and the risks presented by further prosecution of issues either in the current or separate litigation proceedings which are addressed by the Decree. The results achieved by the Consent Decree are also in line with approved Consent Decrees in similar cases.

4. The Court further finds that the Decree has been reached as the result of good faith, prolonged, serious, and non-collusive arms-length negotiations presided over by a well-respected neutral, Magistrate Judge Edward Infante (ret.). The Parties reached this settlement after six years of extensive informal discovery and information sharing and two years of settlement negotiations.

5. The Court hereby approves, as to form and content, the proposed Notice, attached as Exhibit B to the Decree. The Court finds that the distribution of the Notice in the manner and form set forth in the Decree meets the requirements of due process and Federal Rules of Civil Procedure 23(c)(2) and 23(e). This Notice is the best practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto. The Parties shall submit declarations to the Court as part of their Motion for Final Approval of the Class Action Settlement confirming compliance with the notice provisions of the Decree.

6. A hearing on final approval of the Decree ("Fairness Hearing") shall be held before the Court, as set forth below, to determine all necessary matters concerning the Decree, including whether the proposed Decree's terms and conditions are fair, adequate, and reasonable, and whether the Decree should receive final approval by the Court, as well as to rule on Class Counsel's motion requesting an award of reasonable attorneys' fees, costs and expenses.

7. Any Settlement Class Member may object to this Consent Decree by filing written

objections with the Court no later than forty-five (45) calendar days after the initial publication of the Settlement Notice in The East Bay Times, San Francisco Chronicle and online publications SF Gate and Oaklandside (the "Objection Deadline"). Any Settlement Class Member may object to any aspect of the proposed Consent Decree either on their own or through an attorney hired at their expense. Any Settlement Class Member who wishes to object to the proposed Consent Decree may file with the Court a written statement of objection no later than the Objection Deadline. Such statement should include: (a) the full name, address, telephone number and, if available, e-mail address of the Class Member objecting, (b) if represented by counsel, the name, address, telephone number and e-mail address of the Class Member's counsel; and (c) a statement identifying the specific grounds for the Class Member's objection to the Consent Decree's approval.

8. Any Class Member who wishes to object to the proposed Decree may also present objections at the Fairness Hearing.

9. The procedures and requirements for filing objections in connection with the Fairness Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any Settlement Class Members' objection to the Decree, in accordance with the due process rights of all Settlement Class Members.

10. For any objections submitted directly to Class Counsel instead of the Court, Class Counsel shall provide copies of those objections to Defendant's counsel within two (2) court days of receipt. Class Counsel shall also file any objections with the Court no less than ten (10) calendar days before the Fairness Hearing.

11. Pending the Fairness Hearing, all proceedings in this Action, other than proceedings necessary to carry out and enforce the terms and conditions of the Decree and this Order, are hereby stayed. Additionally, the Court enjoins all Settlement Class Members from asserting or maintaining any claims to be released by the Decree until the date of the Fairness Hearing.

12. In accordance with the above, the Court adopts the following schedule:

    a. Within ten (10) calendar days after entry of the Order Granting Preliminary Approval, Class Counsel shall mail, via U.S. mail and/or email, the long form Notice attached as Exhibit B to the Decree to all organizations identified in Exhibit E to the Decree.

b. Within twenty (20) calendar days after entry of the Order Granting Preliminary Approval, the long form Notice attached as Exhibit B to the Decree shall be posted by Class Counsel on one or more case-specific website(s) established by Class Counsel.  The website(s) will have copies of the Notice in English, Spanish, and Chinese.  In addition, the websites will provide information about how Settlement Class Members may obtain a copy of the Consent Decree.  The City shall post the long form Notice on the City of Oakland's official website, where it shall remain posted for four (4) consecutive weeks.  The website will also make a copy of the Notice available in English, Spanish, and Chinese.

c. Commencing within thirty (30) calendar days after entry of the Order Granting Preliminary Approval, the City shall cause the short form Notice attached as Exhibit B to the proposed Consent Decree to be published in The East Bay Times, San Francisco Chronicle, SF Gate and Oaklandside once each week for four (4) consecutive weeks.

d. Each Class Member shall be given a full opportunity to object to the proposed Settlement and Class Counsel's request for an award of reasonable attorneys' fees, expenses, and costs, and to participate at the Fairness Hearing.  Any Class Member seeking to object to the proposed Settlement may submit an objection to the District Court in writing, via regular mail or filing it in person.

e. At least thirty-five (35) calendar days prior to the Objection Deadline, Plaintiffs shall file a Motion for an Award of Reasonable Attorneys' Fees, Expenses, and Costs.  The hearing on that Motion shall be concurrent with the Fairness Hearing.

f. Plaintiffs shall file a Motion for Final Approval no later than thirty-five (35) calendar days prior to the Fairness Hearing.  On the same date, the Parties shall also file statements of compliance with notice requirements.

g. Plaintiffs shall file responses to objections, if any, by no later than November 20, 2025.

h. The Fairness hearing shall be held on December 4, 2025 at 2:30 p.m. in Courtroom 3 of the above-referenced Court.

13. In the event the Court does not grant final approval of the Settlement, or for any reason the Parties fail to obtain a Final Judgment and Order Approving Settlement as contemplated by the Decree, or the Decree is terminated pursuant to its terms for any reason, or the Effective Date does not occur for any reason, then the Decree and all orders and findings entered in connection with the Decree and the Settlement shall become null and void and be of no further force and effect whatsoever, shall not be used or referred to for any purpose whatsoever, and shall not be admissible or discoverable in this or any other proceeding.

14. This Order shall not be construed or used as an admission, concession, or declaration by or against the City of any fault, wrongdoing, breach, or liability. It shall not be deemed to be a stipulation as to the propriety of class certification, or any admission of fact or law regarding any request for class certification, in any other action or proceeding, whether or not involving the same or similar claims. Nor shall this Order be construed or used as an admission, concession, or declaration by or against Plaintiffs or the other Settlement Class Members that their claims lack merit or that the relief requested is inappropriate, improper, or unavailable, or as a waiver by any Party of any defenses or claims it or they may have in the Action or in any other proceeding. Relevant dates are summarized below:

| | |
|---|---|
| **Deadline for Class Counsel to mail and/or email Notice to all organizations identified in Exhibit E to the Decree** | **September 14, 2025** |
| **Deadline for Class Counsel and the City to post the long form Notice on their websites** | **September 24, 2025** |
| **Deadline for the City to publish the short form Notice in The East Bay Times, San Francisco Chronicle, SF Gate and Oaklandside** | **October 4, 2025** |
| **Deadline to File Written Objections to Proposed Consent Decree** | **November 18, 2025** |
| **Deadline for Plaintiffs to file responses to objections.** | **November 20, 2025** |
| **Deadline for Plaintiffs' Motion for Attorneys' Fees and Costs and Awards to Named Plaintiffs** | **October 13, 2025** |
| **Date and Time of Fairness Hearing** | **December 4, 2025, at 2:30 p.m.** |

**IT IS SO ORDERED.**

Dated: September 5, 2025

_____
Richard Seeborg
United States District Judge